**SCHULZE AND BURCH BISCUIT COMPANY, Plaintiff,**

v.

**TREE TOP, INC., Defendant.**

**No. 84 C 8397.**

United States District Court,
N.D. Illinois, E.D.

Sept. 9, 1986.

Eugene L. Resnick, Peter C. Woodford, Carson P. Veach, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

John H. George, Daley & George, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before this Court is defendant's combined motion to stay these judicial proceedings pending arbitration and to compel arbitration. For the reasons stated herein, this Court grants defendant's motion to stay pending arbitration and to compel arbitration.

### FACTS

In 1984, Schulze and Burch Biscuit Co. ("Schulze") entered into an oral contract via telephone with Rudolph Brady, a food broker working for defendant Tree Top, Inc. ("Tree Top"). Under the terms of the contract, Tree Top agreed to ship Schulze certain quantities of dehydrated apple powder in accordance with specific ingredient specifications known to both parties as a result of their prior course of dealings.

After Schulze placed the order for apple powder, Brady sent Schulze a written confirmation dated April 30, 1984. This confirmation contained an arbitration provision which was not part of the parties' prior oral agreement. That provision stated that "all disputes under this transaction shall be arbitrated in the usual manner."

Soon thereafter, Tree Top shipped the apple powder to Schulze. The apple powder proved substandard. After several attempts to resolve the dispute failed, Schultz filed a two-count complaint in district court. This complaint alleges breach of contract, and breach of warranty of merchantability and of fitness for a particular purpose.

## PRIOR PROCEEDINGS

This case was filed in 1984 and assigned to Judge Grady. While before Judge Grady, defendant presented various motions, including a motion to stay judicial proceedings pending arbitration. Both parties addressed the motion to stay in their initial memoranda and in their first supplemental memoranda. In response, Judge Grady issued two written orders rejecting plaintiff's contention that the motion should be denied. In both orders Judge Grady held that the motion for stay should be granted. However, in both orders, Judge Grady allowed the parties to brief previously unaddressed issues.

Subsequent to Judge Grady's second opinion on November 22, 1985, this case was reassigned to this Court. Defendant's motion to stay has yet to be finally resolved. Specifically, plaintiffs second supplemental memorandum in opposition to defendant's motion to stay pending arbitration has yet to be addressed.

This Court does not sit as a reviewing court and will not review Judge Grady's earlier orders. Instead, this Court will defer to Judge Grady's judgment. However, this Court will respond to plaintiffs second supplemental memorandum since Judge Grady never addressed the issues presented in that memorandum.

## DISCUSSION

Plaintiff presents a final argument in support of his position that the motion for stay should be denied. The thrust of plaintiff's argument is that the arbitration agreement that states "All Disputes Under this Transaction Should be Arbitrated in the Usual Manner" is fatally vague and unenforceable. First, plaintiff contends that any attempt to enforce the arbitration provision would generate more disputes than already exist between the parties. Second, plaintiff asserts that the arbitration agreement is not sufficiently certain to be capable of enforcement by the courts. Specifically, plaintiff maintains the agreement is vague because it failed to provide the location of the arbitration and the name of the arbitrator.

In response, defendant asserts that the arbitration clause contained in the parties' contract is enforceable pursuant to the provisions of the Federal Arbitration Act. Moreover, defendant suggests that the American Arbitration Association ("AAA") will arbitrate the dispute. Next, defendant contends that the arbitration will occur in this district. Finally, defendant asserts that the commercial arbitration rules of the AAA will apply to this dispute.

Before this Court addresses plaintiff's specific arguments, it must note that the United States Arbitration Act has long embodied a strong federal policy encouraging arbitration. The Arbitration Act was designed to allow contracting parties to avoid the expense and delay of litigation.

Section 2 of the Arbitration Act provides that written arbitration contracts must be enforced by the courts. In general, courts must strive to uphold and enforce arbitration clauses because to do otherwise would allow one party to ignore the contract and to seek recourse via the courts. To allow judicial recourse would frustrate one of the contract's essential features and would lead to prolonged litigation, a risk contracting parties seek to eliminate by means of the arbitration clause.

In the instant case, this Court rejects plaintiff's contention that the arbitration clause is vague and unenforceable. The arbitration provision is enforceable. First, the inclusion of the arbitration clause in the contract demonstrates the parties' desire at the time of the contract to be bound by the arbitration provision. Second, the arbitration agreement is sufficiently descriptive, when supplemented by the Arbitration Act and the parties' prior course of dealings, to notify the parties of the following factors: (a) which association will arbitrate the dispute; (b) where the arbitration will occur; and (c) which arbitration rules will apply.

The arbitration provision is not so vague as to leave the parties unable to determine

which association will arbitrate the dispute. Implicit in the terminology of the arbitration agreement is the parties' prior course of dealings. The parties' prior dealings involved Rudolph Brady. The deposition testimony of food broker Rudolph Brady demonstrates that the arbitration clause contained in the parties' contract referred to AAA arbitraters. Brady dep at 77.

 Even if the parties' prior dealings did not dictate who would arbitrate the dispute, this Court is authorized to designate and appoint an arbitrator upon either parties' application. 9 U.S.C. § 5. Section 5 grants this Court the authority to designate and appoint an arbitrator who shall act under the arbitration agreement with the same force and effect as if the arbitrator had been specifically named in the arbitration agreement. Consequently, this Court rejects plaintiff's contention that the motion to stay proceedings must be denied because the arbitration agreement does not specify the arbitrator.

 This Court finds unpersuasive plaintiff's second argument that the arbitration clause is unenforceable because the clause failed to specify the location of the arbitration. The United States Arbitration Act designates a location whenever an arbitration provision fails to specify a location. 9 U.S.C. § 4. Section 4 states that the arbitration hearings and proceedings shall be within the district in which the petition for an order compelling such arbitration is filed. In the instant case, defendant filed his petition to compel arbitration in the United States District Court for the Northern District of Illinois. Consequently, the arbitration's location shall be the Northern District of Illinois.

 Finally, this Court finds the arbitration agreement enforceable since this Court will be able to identify which arbitration rules shall apply. Since the drafter of the arbitration provision contemplated arbitration by the AAA of all disputes arising out of the contract, the relevant commercial arbitration rules promulgated by the AAA were incorporated into the arbitration agreement. *Commonwealth Edison Company v. Gulf Oil Corp.*, 541 F.2d 1263, 1272 (7th Cir.1976). Consequently, the commercial arbitration rules of the AAA will apply to the dispute in the instant case.

### CONCLUSION

Defendant's motion to stay this proceedings pending arbitration is granted. In addition, this Court compels Schulze to arbitrate. This Court rejects plaintiff's argument that the arbitration provision is fatally vague and unenforceable. This Court finds that the arbitration clause demonstrates the parties' intent to be bound by the arbitration provision at the signing of the contract. Moreover, this Court believes the prior dealings between the parties and the arbitration clause itself are sufficiently descriptive to identify the arbitrator, the location of the arbitration, and the commercial rules that apply.

IT IS SO ORDERED.